IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RASHARD CHARLES CONNER,

    Plaintiff,

v.

MARTY ALLEN; ROBERT TOOLE; SGT NORRIS HERNDON; JOSEPH HUTCHESON; and VALARIE JACKSON,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-10

## O R D E R

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 9), to which Plaintiff filed Objections, (doc. 11). Plaintiff's Objections are largely a reiteration of the arguments that he has already presented and which the Magistrate Judge correctly rejected. Specifically, Plaintiff argues his substantive due process claim should be reinstated because he has "the right not to be segregated from the general population after it was determined that [he] was the victim of an attack" when his segregation arose from his erroneously alleged assault on an inmate. Plaintiff also argues his official capacity claims for monetary damages should be reinstated. (Id.)

As the Magistrate Judge explained in the Report and Recommendation, however, Plaintiff has no fundamental right arising under substantive due process doctrine to be free from administrative segregation. (Doc. 9, p. 11.) On the other hand, as correctly found by the Magistrate Judge, Plaintiff's allegations show that he may have a liberty interest in avoiding administrative segregation on these facts such that some degree of due process protections attach. (Id. at pp. 9–10.) Furthermore, the Magistrate Judge rightly dismissed Plaintiff's official

capacity claims for monetary damages because the State of Georgia has not waived its sovereign immunity in this case. (Id. at p. 5.)

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's official capacity claims for monetary damages against all Defendants and his access-to-courts and substantive due process claims against Defendants Jackson, Hutcheson, Allen, and Toole.

However, the Court finds Plaintiff has plausibly stated: Eighth Amendment excessive force and failure to intervene claims against Defendant Herndon; First Amendment retaliation claims against Defendants Jackson, Hutcheson, Allen, and Toole; and Fourteenth Amendment procedural due process claims against Defendants Jackson, Hutcheson, Allen, and Toole. These claims shall proceed.

**SO ORDERED**, this 23rd day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2