IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 JUN 12 PM 2:57
CLERK
SO. DIST. OF GA.

RASHARD CHARLES CONNER,

    Plaintiff,

v.

MARTY ALLEN; ROBERT TOOLE; SGT. NORRIS HERNDON; JOSEPH HUTCHESON; and VALARIE JACKSON,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-10

## ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, doc. 57. The Magistrate Judge recommended the Court grant in part Defendants' Motions to Dismiss, docs. 21, 48, and dismiss Plaintiff's excessive force, failure to intervene, and retaliation claims for lack of proper exhaustion. Doc. 57, p. 1. The Magistrate Judge also recommended the Court deny those portions of Defendants' Motions to Dismiss relating to Plaintiff's procedural due process claim, Defendants' qualified immunity defense, and Defendants' damages limitation argument. Id. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation. Docs. 58, 59, 60. Plaintiff also filed a Motion to Join Documents. Doc. 61. The Court **GRANTS** Plaintiff's Motion to Join Documents and will consider Plaintiff's three Objections together as his Objections to the Magistrate Judge's Report and Recommendation, doc. 57.

The Court has reviewed Plaintiff's Objections and finds them to be responsive to the Report and Recommendation but without merit. In his Objections, Plaintiff argues the Magistrate Judge failed to recognize Grievance Number 235986, which is an out-of-time appeal grievance, that

would show Plaintiff properly exhausted his administrative remedies. Doc. 58, p. 1. However, the Magistrate Judge did consider Grievance Number 235986, finding Plaintiff did not properly exhaust his administrative remedies because this appeal grievance was filed after Plaintiff filed the instant action. Doc. 57, pp. 10–11; Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding a prisoner must exhaust all available remedies before filing a 42 U.S.C. § 1983 lawsuit). In other parts of his Objections, Plaintiff generally argues he was denied procedural due process. Doc. 58, pp. 1–3; Doc. 60, pp. 1–2. Here, the Magistrate Judge recommended the Court deny the portion of Defendants' Motions to Dismiss regarding Plaintiff's procedural due process claim, allowing that claim to proceed. Doc. 57, pp. 27–28.

The Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Plaintiff's claims for excessive force, failure to intervene, and retaliation. Plaintiff's procedural due process claim remains pending.

**SO ORDERED**, this 12th day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA